IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANDREW JAMES**                                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 4:22-cv-123-DMB-JMV**

**LULA STONE, LPN, ET AL.**                                     **DEFENDANTS**

**<u>ORDER</u>**

This matter is before the court on Defendants' motion [37] to stay the discovery and related deadlines set forth in the CMO [30]. The motion is made on the basis that Defendants have raised the affirmative defense of exhaustion and brought that matter on for decision by the court by Motion [35] for Summary Judgment. For the reasons explained below, the motion to stay will be granted with the caveat discussed hereafter.

By way of brief background, this is a 42 U.S.C. § 1983 action brought pursuant to the dictates of the Prison Litigation Reform Act ("PLRA"). Chief among those is the requirement that a prisoner must exhaust his available administrative remedies before proceeding to file suit for constitutional violations alleged to have been incurred in confinement. 42 U.S.C. § 1997e(a) (2000).

In the instant case, Plaintiff apparently concedes he did not exhaust his administrative remedies with respect to the wrongdoing about which he complains, but he maintains no such remedies were available to him, thus relieving him of the obligation to exhaust them. This "failure to exhaust" issue is that currently before the district judge on the above noted Motion [35] for Summary Judgment.

**The Law**

It has long been recognized that the Fifth Circuit takes "a strict approach" to the exhaustion requirement, *Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008), considering exhaustion mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Because of this requirement, exhaustion is "a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). And, "[w]hen a defendant asserts the affirmative defense of exhaustion, the district court should rule on this issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 Fed. App'x 297, 297 (5th Cir. 2014) (per curiam) (citing *Dillon*, 596 F.3d at 272-73).

**Analysis**

As captured above, the law dictates in this case that a stay of discovery and related deadlines is appropriate at this time since the issue of exhaustion is currently before the district judge for resolution. And, though plaintiff argues that the undersigned should presume that the plaintiff will be the victor on the exhaustion issue, thereby negating the need for a stay until resolution of that issue, the undersigned will necessarily defer to the district judge's forthcoming decision on that matter since, among other reasons, the undersigned has no jurisdiction to decide that dispositive issue. *See* 28 U.S.C. § 636(b)(1)(A). In short, I do not find any argument advanced by the plaintiff as grounds to disregard the 5th Circuit's admonishment that the district

court should rule on the exhaustion issue before allowing the case to proceed to the merits to be persuasive.

On the other hand, the undersigned does not foreclose the possibility for some discovery by the plaintiff, provided it is consistent with FRCP 56(d) and relevant and necessary on the issue of the availability of administrative remedies that is currently before the district judge on the motion for summary judgment. Provided further, a meritorious motion for the same must be filed within 5 business days of this order. Such motion, if any, must put forth precisely the proposed discovery to be propounded and explain why it is consistent with FRCP56(d) and necessary and relevant to resolve the issue of availability of administrative remedies currently in dispute. The defendant will have 5 business days to respond and there will be 2 business days to reply.

**IT IS, THEREFORE, ORDERED** that the aforementioned proceedings are hereby STAYED (with the caveat above) pending a ruling on the summary judgment motion. Defendants shall notify the undersigned magistrate judge within seven (7) days of a decision on the summary judgment motion and shall submit a proposed order lifting the stay.

**SO ORDERED**, this the 5th day of April, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**